FILED

OCT 20 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :

v. : Criminal No. 06-270 (RCL)

ANDRES CAMPA-HERNANDEZ, :

Defendant. :

*let this be filed*
*[signature] Royce C. Lamberth*
*U.S.D.J. 10/20/06*

## GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I. ELEMENTS OF THE OFFENSE:

The essential elements of the offense of Unlawful Reentry of a Removed Alien in violation of 8 U.S.C. § 1326(a), are:

A. Defendant was an alien;

B. The defendant was denied admission, excluded, deported, or removed from the United States; and

C. Thereafter, he entered, attempted to enter or was found in the United States without permission and/or consent of the Attorney General of the United States.

II. COPY OF THE PLEA AGREEMENT:

A copy of the plea agreement is attached.

III. PENALTIES:

Because the defendant's prior removal from the United States was subsequent to a conviction for commission of an aggravated felony, pursuant to 8 U.S.C. § 1326(a) and (b)(2), the charge of Unlawful Reentry of a Removed Alien carries a maximum penalty of twenty (20)

years imprisonment, a maximum fine of $250,000 under 18 U.S.C. § 3571(b)(3), or both, and a maximum period of supervised release of not more than three years under 18 U.S.C. § 3583(b)(2).

In addition, a special assessment of $100 to the Clerk of the United States District Court should be assessed prior to the date of sentencing for each charge. See 18 U.S.C. § 3013.

IV.   STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA:

If this case were to go to trial, the government's evidence would have established beyond a reasonable doubt that: The defendant is an illegal alien who is a citizen of Mexico.

On March 19, 1999, the defendant, Andres Campa-Hernandez, was arrested in Boston, Massachusetts, for possessing fraudulent immigration documents. On or about January 7, 2000, the defendant was sentenced to 24 months incarceration after being convicted of Fraud and Misuse of Documents, in violation of 18 U.S.C. 1546(a); Production of a False Identification Document, in violation of 18 U.S.C. 1028 (a)(1); Possession of False Document-Making Instrument, in violation of 18 U.S.C. 1028 (a)(5); and Possession of Counterfeit Identification Documents with Intent to Sell, in violation of 42 U.S.C. 405(a)(7)(c). These convictions qualify the defendant as an aggravated felon under 8 U.S.C. § 1101 (a)(43)(P), and subject to him to a higher penalty for his present offense under 8 U.S.C. § 1326(b)(2).

After serving that sentence an Immigration Supervisory Detention Officer in Houston, Texas, ordered the defendant removed from the United States on January 5, 2001. On January 31, 2001, the defendant was deported from the United States to Mexico at Hidalgo, Texas. At no time has the defendant ever sought the permission of either the Attorney General or the Secretary of Homeland Security to re-enter the country.

On August 5, 2006, at approximately 1:30 p.m., the defendant was contacted by law enforcement during the course of a traffic stop for equipment failure (i.e., cracked tail light and car riding low) on a 1996 Ford Taurus in the 5600 block of New Hampshire Avenue, N.W. During this traffic stop, the defendant voluntarily responded to questions from Immigration and Customs Enforcement (ICE) Agents concerning his alienage. It was determined that the defendant was an illegal alien from Mexico. The defendant was then taken into custody by ICE and held for deportation.

A fingerprint analysis has confirmed that the defendant was, in fact, the individual who was deported from the United States on January 31, 2001.

This factual proffer is a summary of the defendant's actions, and is not intended to be a complete accounting of all facts and events related to that offense or other offenses. The limited purpose of this factual proffer is to demonstrate that a factual basis exists to support the defendant's guilty plea to the offense of Unlawful Reentry which is charged as Count One in the indictment.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No.498610

G. MICHAEL HARVEY
Assistant United States Attorney
Federal Major Crimes Section
D.C. Bar No. 447465
555 4th Street, N.W. #4243
Washington, DC 20001
Phone: 305-2195/Fax: 616-3782

## DEFENDANT ANDRES CAMPA-HERNANDEZ'S ACKNOWLEDGMENT

I have read this factual proffer and have discussed it with my attorney, Thomas T. Heslep, Esquire. I fully understand the foregoing Statement of Offense in Support of Guilty Plea. I agree and acknowledge by my signature that the proffer of facts contained therein is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 10/20/06

_Andrés Campa Hernandez_
Andres Campa-Hernandez

## ATTORNEY'S ACKNOWLEDGMENT

I have read the foregoing Statement of Offense in Support of Guilty Plea, and have reviewed it with my client fully. I concur in my client's desire to adopt the factual proffer contained therein as true and accurate.

Date: 10/20/06

Thomas T. Heslep, Esquire
Attorney for Andres Campa-Hernandez